JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On February 7, 2008, the relator, Flynn Properties, LLC, commenced this prohibition action against the respondent, Judge John D. Sutula, to prevent the judge from appointing a receiver for Flynn Properties, LLC, or taking other actions in the underlying case,Tarantino v. Portale, Cuyahoga County Common Pleas Court Case No. CV-404277. The relator also sought an alternative writ.
 {¶ 2} The complaint, however, was defective. On March 4, 2008, this court directed the relator to cure the multiple defects by March 18, 2008, (two weeks after the date of the journal entry) or the court would dismiss the complaint. Specifically, the court ordered the relator to file the supporting affidavit specifying the details of the claim as required by Loc.App.R. 45(B)(1)(a), to sign the complaint, and to specify the theory of loss of jurisdiction with the support of legal and factual authority. The relator filed the amended complaint two days late on March 20, 2008.
 {¶ 3} On March 27, 2008, the respondent judge, through the Cuyahoga County Prosecutor, moved to dismiss on the grounds that despite this court's clear warning that the defects must be cured by March 18 or the case would be dismissed, the relator nevertheless submitted the cure in an untimely fashion. Since then, the time for filing a brief in opposition pursuant to Loc.App.R. 45(B)(3) has expired and the relator has filed nothing.
 {¶ 4} Accordingly, because the cure was untimely and because the relator has not filed a timely response to the motion to dismiss, this court grants the *Page 4 
respondent's motion to dismiss. The court denies the motion for an alternative writ and dismisses this application for a writ of prohibition. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 COLLEEN CONWAY COONEY, P, J., and MARY EILEEN KILBANE, J., CONCUR. *Page 1